ORIGINAL

# In the United States Court of Federal Claims

No. 15-1223T
(Filed December 30, 2015)

**FILED**

**DEC 3 0 2015**

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ROBERT E. ROBINSON, | Pro Se Prisoner; Three-Strikes Rule; 28 U.S.C. § 1915(g) |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

On October 19, 2015, plaintiff, currently incarcerated in federal prison in Texarkana, Texas, filed a complaint in this court. On November 2, 2015, plaintiff filed a motion for leave to proceed in forma pauperis.

When the court receives a complaint from a prisoner, it is obligated to screen the complaint and then, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, dismiss the suit. See 28 U.S.C. § 1915A (2015). If a prisoner has filed three or more suits or appeals that were dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted, he is barred from initiating further suits or appeals without first paying the filing fee, unless he is "under imminent danger of serious physical injury." Id. § 1915(g).[1] This is often referred to as the "three-strikes rule." See, e.g., In re R. Wayne Johnson, 579 Fed. Appx. 993, 994 (Fed. Cir. 2014) (unpublished decision) (per curium); Higgins v. Carpenter, 258 F.3d 797, 798 (8th Cir. 2001). Accord Hardin v. United States, 123 Fed. Cl. 667, 672 (Fed. Cl. 2015); Warren v. United States, 106 Fed. Cl. 507, 508 (Fed. Cl. 2012).

---

[1] Specifically, the "three-strikes rule" provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The court's review of the suits previously filed by plaintiff in federal court reveals that seven of those suits were dismissed for failure to state a claim upon which relief could be granted. They are as follows: 1) Robinson v. LeBlanc, No. 07-CIV-243, 2007 WL 3256252 (E.D. Tex. 2007); 2) Robinson v. Brown, No. 07-CIV-460, 2007 WL 3357563 (E.D. Tex. 2007); 3) Robinson v. Smith, No. 07-CIV-163, 2007 WL 2688463 (E.D. Tex. 2007); 4) Robinson v. Lacey, No. 07-CIV-369, 2007 WL 2726901 (E.D. Tex. 2007); 5) Robinson v. Ellis, No. 07-CIV-258, 2007 WL 2688459 (E.D. Tex. 2007); 6) Robinson v. Harrison, No. 07-CIV-358, 2007 WL 2688455 (E.D. Tex. 2007); and 7) Robinson v. Harrell, No. 07-CIV-380, 2007 WL 3284459 (E.D. Tex. 2007).

Since plaintiff has accumulated more than three strikes under section 1915A and since he has not alleged that he is "under imminent danger of serious physical injury," under section 1915(g), he may not proceed in this case without first paying the court's filing fee. Accordingly, if plaintiff wishes to pursue his claims in this court, he must pay the court's filing fee by Monday, February 1, 2016. If plaintiff has not done so by that date, the clerk shall, without further order of the court, dismiss his complaint without prejudice for failure to pay the filing fee.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge